UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NICHOLAS R. CROWDER,
Plaintiff-Appellant,

v.

LAWRENCE KELLEY; FRANK L.

MONGE; PATRICIA S. CONNOR;
DOUGLAS SISK; JAMES A. DRACH;
JOHN MAYER; LEONARD GREEN,
Defendants-Appellees.

No. 99-1361

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-99-477-S)

Submitted: May 25, 1999

Decided: October 27, 1999

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Nicholas R. Crowder, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Nicholas R. Crowder appeals the district court's orders denying relief on his 28 U.S.C. § 2241 (1994) petition and denying his motion for a temporary restraining order. We have reviewed the record and the district court's orders and find no reversible error. It is not clear from the record whether Crowder's Maryland charges were nolle prosequied under Md. R. Proc. § 4-247 (1998), or "stetted" under Md. R. Proc. § 4-248 (1998). In either event, Crowder is not entitled to relief. If the charges were nolle prosequied, Crowder is not in custody for purposes of § 2241 relief. If the charges were stetted, Crowder may be in custody for purposes of relief under § 2241, see Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-01 (1984). However, he has failed to exhaust state remedies. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973). Crowder could have opposed the State's motion to stet his case. Instead, Crowder sought to have the charges dismissed with prejudice. Thus, if the charges were stetted, Crowder must pursue his remaining state remedies before pursuing federal habeas relief. Accordingly, we deny a certificate of appealability and dismiss the appeal. We also deny the following motions filed by Crowder seeking to: (1) compel the district court to correct the record and remand the case; (2) stay Maryland state court proceedings; (3) have an en banc hearing to compel the clerk's office to submit properly filed pleadings; (4) correct a clearly erroneous judgment; and (5) have an en banc review of motion to correct a maliciously erroneous record on appeal. We also deny Crowder's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED